985 F.2d 584
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kenneth PEEPLES, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3487.
 United States Court of Appeals, Federal Circuit.
 Dec. 18, 1992.
 
 Before RICH and ARCHER, Circuit Judges, and CURTIN[1], District Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Kenneth Peeples (Mr. Peeples) seeks review of the February 24, 1992 final decision of the Merit Systems Protection Board (MSPB or Board), Docket No. PH0752910709-I-1, dismissing Mr. Peeples's appeal of a Department of the Navy (Agency) decision to remove him because his appeal was untimely filed without good cause. We affirm.
 
 DISCUSSION
 
 2
 Mr. Peeples was effectively removed from his position with the Agency on June 6, 1991 and filed his appeal with the Board on July 23, 1991. An appeal to the MSPB from a personnel action must be filed within 20 days of the effective date of that action. 5 C.F.R. § 1201.23 (1992). Thus, Mr. Peeples appeal was filed twenty-seven days after the filing period ended.
 
 
 3
 The Board may, in its discretion, waive the filing deadline if the appellant shows good cause for his untimeliness. 5 C.F.R. § 1201.22 (1992). The administrative judge (AJ) found that Mr. Peeples, despite knowing of the removal action pending against him, moved to a new address and failed to inform the Agency of his new address. Consequently, the Agency mailed the notice of removal to Mr. Peeples's old address (i.e., the address of record) and Mr. Peeples did not receive this notice. The AJ found that it was Mr. Peeples's responsibility to inform the Agency of any address change and that he failed to do so. The AJ also found that the delay was not a circumstance beyond Mr. Peeples's control and that he had failed to act diligently or prudently. Accordingly, the AJ determined that Mr. Peeples did not establish the existence of good cause to warrant a waiver of the time limit and dismissed the appeal as untimely.
 
 
 4
 This Court's scope of review of an MSPB decision is limited by statute. 5 U.S.C. § 7703(c). The MSPB decision must be affirmed unless it is arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. See, Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Finding no error in the MSPB's decision we affirm.
 
 
 
 [1]
 The Honorable John T. Curtin, District Judge for the Western District of New York, sitting by designation